IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH SAWYER | * | CIVIL ACTION |
| Plaintiff | * | NO. 5:18-cv-110-DCB-MTP |
| VS. | * | JUDGE: |
| CLEMENT CAMPBELL, NATCHEZ CASINO OPCO, LLC, d/b/a MAGNOLIA BLUFFS CASINO, and ZURICH AMERICAN INSURANCE COMPANY | * | MAGISTRATE: |
| Defendants | * | |

*********************************************

## COMPLAINT

### Jury Trial Demanded

**NOW INTO COURT** comes Elizabeth Sawyer (hereinafter "Plaintiff"), who files her Complaint against the Defendants: Clement Campbell ("Defendant Campbell"), Natchez Casino OpCo, LLC d/b/a Magnolia Bluffs Casino ("Defendant Operating Company"), and Zurich American Insurance Company ("Defendant Zurich"), and in support thereof, states as follows:

### I. Parties

1. Plaintiff, Elizabeth Sawyer, is an adult resident citizen of East Feliciana Parish, Louisiana.

2. Defendant, Clement Campbell ("Defendant Campbell"), is an adult resident citizen of the State of Mississippi, who may be served with process at 17 Myrtle Drive, Natchez, Mississippi 39120.

3. Defendant, Natchez Casino OpCo, LLC d/b/a Magnolia Bluffs Casino

1

("Defendant Operating Company"), is a corporate citizen of the State of Mississippi, as it is incorporated and existing under the laws of the State of Mississippi, and has its principal place of business at 645 South Canal Street, Natchez, Mississippi 39120, with its manager being Casino Holding Investment Partners, LLC located at the same address. Defendant Operating Company may be served by service on its designated agent for service of process, Christopher S. Pace at 190 East Capitol Street, Suite 800, Jackson, Mississippi 39201.

4. Defendant, Zurich American Insurance Company ("Defendant Zurich"), is a corporate citizen of the State of New York, as it is incorporated and existing under the laws of the State of New York, and has its principal place of business at Four World Trade Center, 150 Greenwich Street, New York, New York 10007, with its mailing address at 1299 Zurich Way, Schaumburg, Illinois 60196. Defendant Zurich may be served by service on its designated agent for service of process, United States Corporation Company located at 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

## II. Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties and with the amount in controversy exceeding $75,000.00.

6. Venue is proper in this matter pursuant to 28 U.S.C. §1391 based on a substantial part of the acts or omissions by each of the Defendants giving rise to the claim having occurred within the geographical area encompassed by the United States District Court for the Southern District of Mississippi, specifically in the Western Division thereof.

7. Defendant Campbell is an individual residing in the aforementioned judicial district and who committed acts or omissions in said judicial district and is thereby subject to the Court's jurisdiction with respect to this civil action.

8. Defendant Operating Company is an entity with the capacity to sue and be sued in its common business name under applicable law and is thereby deemed to reside in any judicial district in which Defendant Operating Company is subject to this Court's jurisdiction with respect to this civil action.

9. Moreover, because Defendant Operating Company did business and is doing business in Mississippi, which has more than one United States District Court judicial district (Northern and Southern), and because Defendant Operating Company is a corporation subject to personal jurisdiction in each of the two aforementioned judicial districts in Mississippi, Defendant Operating Company is deemed to reside in the Southern District of Mississippi.

10. Further, Defendant Operating Company has more than sufficient contacts to subject it to personal jurisdiction in either of the aforesaid judicial districts, just as Defendant Operating Company is subject to personal jurisdiction in the State of Mississippi as a whole.

11. Defendant Zurich is an entity with the capacity to sue and be sued in its common business name under applicable law and is thereby deemed to reside in any judicial district in which Defendant Zurich is subject to this Court's jurisdiction with respect to this civil action.

12. Moreover, because Defendant Zurich did business and is doing business in Mississippi, which has more than one United States District Court judicial district (Northern

and Southern), and because Defendant Zurich is a corporation subject to personal jurisdiction in each of the two aforementioned judicial districts in Mississippi, Defendant Zurich is deemed to reside in the Southern District of Mississippi.

13. Further, Defendant Zurich has more than sufficient contacts to subject it to personal jurisdiction in either of the aforesaid judicial districts, just as Defendant Zurich is subject to personal jurisdiction in the State of Mississippi as a whole.

14. Accordingly, this Court has proper jurisdiction over this matter and all of the parties thereto, and venue is proper in this Court.

### III. Facts

15. On February 18, 2018, the Defendant, Clement Campbell ("Defendant Campbell"), was the driver of a 2017 Dodge Caravan ("the Casino Van") owned by Defendant, Natchez Casino OpCo, LLC d/b/a Magnolia Bluffs Casino ("Defendant Operating Company"), in Natchez, Adams County, Mississippi, headed south, and he was acting within the course and scope of his employment with the Defendant Operating Company.

16. At the same time on the same date, the Underinsured Motorist, James Mooney ("UM Mooney"), was the driver of a 2007 Dodge pickup truck (the "Mooney Truck") and headed east on John R. Junkin Drive.

17. Defendant Campbell attempted to drive across John R. Junkin Drive in the Casino Van without yielding the right of way to traffic on John R. Junkin Drive, and did so negligently and carelessly thereby causing the Casino Van to be hit by the Mooney Truck belonging to and driven by UM Mooney.

18. UM Mooney was negligent and careless in operating the Mooney Truck by driving too fast for existing circumstances, failing to look out for other vehicles, and otherwise.

19. The investigating law enforcement officer reported in his report that Defendant Campbell failed to yield the right of way to UM Mooney, and that UM Mooney was being pursued prior to collision by the Vidalia Police Department and he failed to keep in his proper lane and ran off the road. See Mississippi Uniform Crash Report attached hereto as Exhibit "A".

20. Plaintiff Sawyer was a passenger in the Casino Van at the time of the Accident, and she did not breach any duty and was not negligent in any way whatsoever in causing the Accident.

21. As a result of the Accident, Plaintiff Sawyer suffered injuries and damages. Due to Defendant Campbell's negligence and fault in causing the Accident, and due to UM Mooney's negligence and fault in causing the Accident, and due to the negligence and/or vicarious liability and/or negligence of the Defendant Operating Company, and due to the contract issued by Zurich and applicable to Plaintiff Sawyer and the Accident, and based on the injuries and damages suffered by Plaintiff Sawyer, Plaintiff Sawyer is entitled to recover damages from all of the Defendants herein.

22. At the time of the Accident, the Casino Van had applicable to it (and in effect) an automobile insurance policy ("the Policy") issued by Zurich. Portions of a certified copy of this Policy issued by Zurich is attached hereto as Exhibit "B".

23. The Policy issued by Zurich to Defendant Operating Company provided uninsured/underinsured motorist insurance coverage, with an applicable limit of $1,000,000.00 of said coverage, which entitles Plaintiff Sawyer to be paid by Zurich as benefits the damages which she is legally entitled to recover from the owner and/or operator of an uninsured/underinsured motor vehicle.

24. Moreover, UM Mooney had minimum-limits liability ($25,000.00 per person up to $50,000.00 per accident) insurance applicable to him or to the Dodge vehicle he owned and was operating at the time of the Accident, thereby making him the owner and operator of an uninsured motor vehicle.

25. Accordingly, Zurich has become contractually obligated to pay uninsured motorist coverage benefits to Plaintiff Sawyer, and Plaintiff Sawyer brings this legal action against Zurich for said benefits.

### IV. Causes of Action

### A. Negligence of Defendant Campbell

26. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety.

27. Defendant Campbell had a duty to fully stop at the "stop" sign traffic control device for traffic proceeding as he was proceeding and to yield to traffic on John R. Junkin Drive when Defendant Campbell was crossing John R. Junkin Drive, and to keep a lookout for such other traffic, and he had other duties as a motorist under the existing circumstances, particularly carrying passengers.

28. Defendant Campbell violated each and every one of these duties as a motorist and was negligent, and his negligent actions caused injuries and damages to Plaintiff Sawyer in this cause. As such, he is liable to Plaintiff Sawyer for his negligence, and for the injuries and damages his negligence caused Plaintiff Sawyer to suffer.

### B. Vicarious Liability – Defendant Operating Company

29. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety

30. At all relative times, and in the alternative, Defendant Campbell was acting within the course and scope of his employment, and for the benefit of Natchez Casino OpCo, LLC d/b/a Magnolia Bluffs Casino ("Defendant Operating Company"), in the operation of the Casino Van which was involved in the accident which is the basis of the Plaintiff's Complaint.

31. Consequently, Defendant Operating Company is vicariously liable to Plaintiff Sawyer for the injuries and damages she suffered as a result of Defendant Campbell's negligence.

### C. Negligence of Defendant Operating Company

32. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety.

33. Defendant Operating Company had a duty to hire, employ and/or retain qualified and competent drivers, a duty to properly and adequately train such drivers, and a duty properly and adequately supervise such drivers, as well as duties applicable under the existing circumstances with the employment and supervision of Defendant Campbell, but Defendant Operating Company breached each and every one of these duties, and Defendant Operating Company's negligence proximately caused injuries and damages to Plaintiff Sawyer in this cause.

34. As such, consequently, Defendant Operating Company is liable to Plaintiff Sawyer for its own negligence, in addition to its vicarious liability for Defendant Campbell's negligence, and is thereby liable to Plaintiff Sawyer for the injuries and damages caused by its negligence.

### D. Contractual Claim Against Zurich

35. Each and every one of the preceding paragraphs are reiterated and incorporated by reference herein as if fully restated in their entirety.

36. The Policy issued by Defendant Zurich to Defendant Operating Company constituted a contract under Mississippi law which provided vehicle coverage for the Casino Van.

37. As a person who was an occupant of the Casino Van at the time of the Accident, Plaintiff Sawyer meets the definition of an "insured" or "insured person" under Mississippi law and the Policy.

38. As a person meeting the definition of an "insured" under the uninsured/underinsured motorist coverage ("UIM"). in the Policy and under Mississippi law, Plaintiff Sawyer is thereby a party to the Policy as an insurance contract for purposes of UIM.

39. Accordingly, a contractual relationship existed between Defendant Zurich and Plaintiff Sawyer for purposes of a UIM claim by Plaintiff Sawyer against Defendant Zurich.

40. The circumstances of the Accident, the provisions of the Policy, UM Mooney's negligence and his operation of an uninsured/underinsured motor vehicle, Plaintiff Sawyer's injuries and damages, and the UIM claim made by Plaintiff Sawyer to Defendant Zurich all create a duty and an obligation on the part of Defendant Zurich to pay contractual benefits to Plaintiff Sawyer.

41. Accordingly, Plaintiff Sawyer is entitled to a judgment against Defendant Zurich based on and for contract benefits, and otherwise as stated herein, for any and all

8

damages as further stated herein which Plaintiff Sawyer is entitled to recover from UM Mooney.

## V. Damages

42. As a direct and proximate result of the negligent acts and/or vicarious liability of the Defendants other than Zurich, Plaintiff Sawyer suffered injuries and incurred damages, including, but not limited to, the following:

   a. Past medical expenses;

   b. Mental and emotional distress;

   c. Physical pain and suffering;

   d. Inconvenience and discomfort;

   e. Loss of enjoyment of life;

   f. Past lost income;

   g. Future loss of income;

   h. Future medical expenses; and

   i. Any other damages which the Court or jury deem just or appropriate based on the circumstances.

43. As a direct and proximate result of the negligent acts and/or vicarious of UM Mooney, Plaintiff Sawyer suffered injuries and incurred damages, including, but not limited to, the following, and Defendant Zurich is thereby contractually liable for paying benefits under the Policy for any and all such damages:

   a. Past medical expenses;

   b. Mental and emotional distress;

   c. Physical pain and suffering;

   d. Inconvenience and discomfort;

    e.    Loss of enjoyment of life;

    f.    Past lost income;

    g.    Future loss of income;

    h.    Future medical expenses; and

    i.    Any other damages which the Court or jury deem just or appropriate based on the circumstances.

**WHEREFORE**, Plaintiff, Elizabeth Sawyer, demands judgment against Defendants for compensatory damages, consequential damages, prejudgment interest, post-judgment interest, attorney fees, costs of Court, and any and all other relief appropriate under the circumstances.

This the 12 day of October, 2018.

Respectfully Submitted,

Elizabeth Sawyer

By Her Attorney:

_/s/ Matthew L. Devereaux_
MATTHEW L. DEVEREAUX
MS Bar No. 101833

Matthew L. Devereaux, Esq.
THE BEZOU LAW FIRM
534 East Boston Street
Covington, Louisiana 70433
T: 985-892-2111
F: 985-892-1413
mdevereaux@bezou.com

10